Turner v. Tuttle.

said Grey and Webb; in which settlement there was a mistake, which was discovered, and said Grey had given said Webb a writing engaging to rectify it, by indorsing the sum upon said note, long before said execution was assigned to the petitioners; that said Webb, without the knowledge or privity of the respondent, in pursuance of said agreement applied to said Grey and obtained said discharge, it being for the amount of said mistake and no more; and of which the respondent had no knowledge, until five days after it was done; and that he never did collect any money on said execution, except said £32, which he paid to the petitioners. To this answer the petitioners demurred.

## TURNER v. TUTTLE.

The seller of a public security runs the risk of its being true and genuine, especially if he affirms it to be such.

ACTION of the case, declaring, that on the        day of A. D. 17    the defendant was possessed of a certain note signed with the name of Timothy Pickering, and countersigned by    . Tyson, dated the 7th of June, A. D. 1781, for $180; which note, the defendant put off and passed to the plaintiff as and for a good note issued by said Pickering under the authority of the United States. And to induce the plaintiff to buy it, affirmed that it was a good Pickering note, and equal in value to final settlement notes; and that it was receivable at the office of the auditor of the United States:

That the plaintiff relying upon the affirmation of the defendant purchased said note, and gave £50 for it.   When in fact said note was not issued by said Pickering under the authority of the United States, and is not receivable at said auditor's office, nor any other in the United States; and is worth nothing, all which the defendant knew, and the plaintiff was ignorant of at the sale aforesaid.

Plea — Not guilty.   Issue to the jury.   Verdict that the defendant is guilty, and for the plaintiff to recover.

Motion in arrest — That the plaintiff's declaration is insufficient, upon the ground, that this is a public security, and whether it was genuine or not, was equally in the knowledge of the plaintiff as of the defendant; and by going to the officers of the treasury it might have been known whether it was true or not, and this the plaintiff had in his power to do.

Judgment — Motion insufficient, and for the plaintiff to recover.   The value of public securities is considered as a matter of public notoriety, equally in the knowledge of the buyer as the seller; but the genuineness of them is not so, nor could it be found out in this case, without much time, pains and cost; the seller in such cases takes the risk upon himself and is responsible.